UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHARTER COMMUNICATIONS ENTERTAINMENT I, LLC d/b/a CHARTER COMMUNICATIONS OF WESTERN CONNECTICUT, | : : : : : |
| Plaintiff, | : : |
| v. | : CIVIL ACTION : NO. 3:00CV0124 (SRU) : |
| CARYN TROTTA, | : : |
| Defendant. | : APRIL 27, 2006 |

PETITION FOR EXAMINATION OF JUDGMENT DEBTOR

Plaintiff Charter Communications Entertainment I, LLC d/b/a Charter Communications of Western Connecticut ("Charter") moves, pursuant to Fed. Rule Civ. Pro. 69 and Conn. Gen. Stat. § 52-397, for an order compelling Defendant Caryn Trotta ("Defendant") to appear in court to be examined under oath concerning any property and means of paying the judgment rendered against her by this Court on October 20, 2000 in this matter. (A copy of the judgment is attached hereto as Exhibit A.)

"In proceedings on and in aid of execution" of a judgment, Fed. Rule. Civ. Pro 69 explicitly adopts the procedure of the state in which the District Court sits. More specifically, Fed. Rule Civ. Pro. 69, explicitly adopts state court procedures permitting the judgment creditor "to obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the

district court is held." Thus, Connecticut state law governs post-judgment discovery in this matter.

Connecticut state law permits a judgment creditor to obtain discovery regarding the location of the judgment debtor's assets. See Conn. Gen. Stat. § 52-351b. A judgment creditor must commence the post-judgment discovery procedures by first serving Post-Judgment Interrogatories. Conn. Gen. Stat. § 52-351b(a). These Post-Judgment Interrogatories may be served on the judgment debtor, a financial institution, or on any third party the judgment creditor reasonably believes may have assets of the judgment debtor. These Interrogatories are in a form prescribed by the State of Connecticut Judicial Branch, and are to be served by certified mail, return receipt requested. Id. "The person to whom interrogatories are directed shall answer the interrogatories and return them to the judgment creditor within thirty days. . . ." Id.

If that person fails to answer the Post-Judgment Interrogatories, Connecticut law provides that the judgment creditor may seek to examine the judgment debtor under oath in court. Specifically, Conn. Gen. Stat. § 52-397 provides:

> Any judgment debtor, an execution against who has been returned unsatisfied in whole or in part or who has failed to respond within thirty days to any postjudgment interrogatories served pursuant to section 52-351b, may be examined on oath, in the court location where the judgment was rendered, concerning his property and means of paying such judgment . . . .

Here, Charter served upon the Defendant Caryn Trotta post-judgment interrogatories on March 6, 2006. (A copy of the Interrogatories and the post office certification card are

attached hereto as <u>Exhibit B</u>.) The Defendant has failed to respond to those Interrogatories within thirty (30) days. Accordingly, Charter petitions this Court, in accordance with Connecticut state law, for an order compelling Defendant to appear in Court as soon as practicable to testify under oath regarding her assets and means of satisfying the judgment.

CONCLUSION

For all the foregoing reasons, Charter's Petition for Examination of Judgment Debtor should be granted.

> PLAINTIFF - CHARTER COMMUNICATIONS
> ENTERTAINMENT I, LLC d/b/a CHARTER
> COMMUNICATIONS OF WESTERN
> CONNECTICUT
>
> By _____
> Ryan M. Mihalic – ct24454
>
> Murtha Cullina LLP
> CityPlace I – 185 Asylum Street
> Hartford, Connecticut 06103-3469
> Telephone: (860) 240-6000
> Facsimile: (860) 240-6150
> E-Mail: rmihalic@murthalaw.com
> Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Petition for Examination of Judgment Debtor was mailed first-class, postage prepaid, on this 27th day of April, 2006 to:

Caryn Trotta
15263 SW 47th Terrace
Ocala, Florida 34473

Ryan M. Mihalic

Exhibit A



UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CHARTER COMMUNICATIONS
ENTERTAINMENT I, LLC
d/b/a CHARTER COMMUNICATIONS
OF WESTERN CONNECTICUT

v.                                   3:00CV124 SRU

CARYN TROTTA

### DEFAULT JUDGMENT

This action came on for consideration before the Honorable Stefan R. Underhill, United States District Judge, as a result of plaintiff's motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. On March 22, 2000, a default entered against the defendant Caryn Trotta. The plaintiff filed a motion for default judgment and on October 17, 2000, a Memorandum of Decision was filed granting plaintiff's motion and awarding the plaintiff damages in the amount of $5,212.50

Therefore, it is ORDERED and ADJUDGED that judgment is entered in favor of the plaintiff Charter Communications and against the defendant Caryn Trotta in the amount of $5,212.50 ($1,500.00 statutory damages, plus fees and costs of $3,712.50). In addition, the defendant is permanently enjoined from future violations of 47 U.S.C. §§ 553(a)(1) and 605(a).

Dated at Bridgeport, Connecticut, this 19th day of October, 2000.

KEVIN F. ROWE, Clerk

By _____
Deputy Clerk

Entered on Docket 10/23/00

RECEIVED
OCT 26 2000
MURTHA CULLINA LLP



**POST JUDGMENT REMEDIES
INTERROGATORIES**

JD-CV-23 Rev. 4-05
Gen. Stat. §§ 52-321a, 52-351b, 52-352b,
52-361a, 52-361b, 52-400a, 52-400c

Exhibit B

www.jud.state.ct.us

COURT USE ONLY
POSTJRI

FORM JD-CV-23a MUST BE ATTACHED TO THIS FORM

| ☐ Judicial District | ☐ Housing Session | ☐ G.A. No. | AT USDC NEW HAVEN | DOCKET NO. 3:00cv00124(SRU) |
|---|---|---|---|---|

ADDRESS OF COURT *(No., street, town, and zip code)*
915 Lafayette Boulevard, Bridgeport, CT 06604

| DATE OF JUDGMENT | ORIGINAL AMOUNT OF JUDGMENT | AMOUNT DUE THEREON |
|---|---|---|
| 10/20/00 | $5212.50 | $5212.50 |

| NAME OF JUDGMENT CREDITOR | OF *(Street and town)* |
|---|---|
| Charter Communications Ent. I | 11 Commerce Road, Newtown, CT 06470 |

| NAME OF JUDGMENT DEBTOR | OF *(Street and town)* |
|---|---|
| Caryn Trotta | 15263 SW 47th Terrace, Ocala, FL 34473 |

NAME AND ADDRESS OF PERSON BELIEVED TO HAVE ASSETS OF JUDGMENT DEBTOR *(If applicable)*

| DATE OF SERVICE OF INTERROGATORIES | NAME AND ADDRESS OF PERSON TO WHOM INTERROGATORIES SHALL BE RETURNED |
|---|---|
| 03/06/06 | R. Mihalic, Murtha Cullina LLP, 185 Asylum St., Hartford, CT 06103 |

## INSTRUCTIONS

*JUDGMENT CREDITOR:* Put an "X" in the box next to the questions to be answered on form JD-CV-23a attached hereto.
*PERSON SERVED WITH INTERROGATORIES:* Answer the questions indicated by "X" on form JD-CV-23a attached hereto. You must disclose assets of the judgment debtor up to an amount clearly sufficient to satisfy the judgment indicated by the "Amount Due Thereon" above. Place answers in space provided on form. If you need more room to answer these questions, use the space on the reverse side of form JD-CV-23a or attach additional sheets.

## NOTICE

**Neither the interrogatories themselves, notice thereof nor objections thereto shall be filed with the court.**

The person served with these interrogatories must answer and return them within thirty days of the date of their service to the person named above.

If the person served with these interrogatories fails, within thirty days, to return a sufficient answer or disclose sufficient assets for execution, or on objection by that person to the interrogatories, the judgment creditor may move the court for such supplemental discovery orders as may be necessary to ensure disclosure including (1) an order for compliance with the interrogatories or (2) an order authorizing additional interrogatories. The judgment creditor may obtain discovery, including the taking of depositions, from any person served with interrogatories in accordance with procedures for discovery in civil actions without further order of the court. The court may order such additional discovery as justice requires. Failure to comply with a discovery order may subject the person served to being held in contempt of court. Attorney's fees may be allowed for counsel at a contempt hearing necessary to enforce such a court order and for counsel at any discovery hearing required because of the failure to answer these interrogatories.

## NOTICE OF RIGHTS TO PERSON SERVED

1. Pursuant to Gen. Stat. § 52-351b, you must reveal information concerning the amount, nature and location of the judgment debtor's assets up to an amount clearly sufficient in value to ensure full satisfaction of the judgment with interests and costs.

2. Pursuant to subsection (d) of Gen. Stat. § 52-351b, any party from whom discovery is sought may apply to the court for protection from annoyance, embarrassment, oppression or undue burden or expense.

3. Certain personal property is exempt from execution. The following list is a description of common classes of property exempt from execution from a judgment debtor who is a natural person. (Gen. Stat. § 52-352b).
   (a) Necessary apparel, bedding, foodstuffs, household furniture and appliances;
   (b) Tools, books, instruments, farm animals and livestock feed which are necessary to the judgment debtor in the course of his or her occupation, or profession, farming operation or farming partnership;
   (c) Public assistance payments and any wages earned by a public assistance recipient under an incentive earnings or similar program;
   (d) Health and disability insurance payments;
   (e) Health aids necessary to enable the judgment debtor to work or to sustain health;
   (f) Worker's compensation, social security, veterans and unemployment benefits;
   (g) Court approved payments for child support;

*(Continued on page 2)*

(h) Arms and military equipment, uniforms or musical instruments owned by any member of the militia or armed forces of the United States;
(i) One motor vehicle to the value of one thousand five hundred dollars, provided such value shall be determined as the fair market value of the motor vehicle less the amount of all liens and security interests which encumber it;
(j) Wedding and engagement rings;
(k) Residential utility deposits for one residence and one residential security deposit;
(l) Any assets or interests of a judgment debtor in, or payments received by the judgment debtor from, a plan or arrangement described in Gen. Stat. § 52-321a;
(m) Alimony and support, other than child support, but only to the extent that wages are exempt from execution under Gen. Stat. § 52-361a;
(n) An award under a crime reparations act;
(o) All benefits allowed by any association of persons in this state towards the support of any of its members incapacitated by sickness or infirmity from attending to his usual business;
(p) All moneys due the judgment debtor from any insurance company on any insurance policy issued on exempt property, to the same extent that the property was exempt;
(q) Burial plot for the judgment debtor and his or her immediate family;
(r) Irrevocable transfers of money to an account held by a bona fide nonprofit debt adjuster licensed pursuant to chapter 655 of the general statutes for the benefit of creditors of the judgment debtor;
(s) Any interest of the judgment debtor in any property not to exceed in value one thousand dollars;
(t) Any interest of the judgment debtor not to exceed in value four thousand dollars in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the judgment debtor under which the insured is the judgment debtor or an individual of whom the judgment debtor is a dependent; and
(u) The homestead of the judgment debtor to the value of seventy-five thousand dollars, or, in the case of a money judgment arising out of services provided at a hospital, to the value of one hundred twenty-five thousand dollars, provided value shall be determined as the fair market value of the real property less the amount of any statutory or consensual lien which encumbers it.

## INSTRUCTIONS

**JUDGMENT CREDITOR:** Complete Name of Case and Docket No., put an "X" in the box next to the items to be answered.
**PERSON SERVED WITH INTERROGATORIES:** Answer the questions indicated by ☒ . You must disclose assets of the judgment debtor up to an amount clearly sufficient to satisfy the judgment indicated by the "Amount Due Thereon" on the attached form JD-CV-23. Place answers in space provided on this form. If you need more room to answer these questions, use the space on page 2 of attached form JD-CV-23 or attach additional sheets. You must answer the questions and return them to the person named on attached form JD-CV-23 within thirty days of the date of service.

| NAME OF CASE | DOCKET NO. |
|---|---|
| Charter Communications Entertainment vs. Caryn Trotta | 3:00cv00124 (SRU) |

### I. JUDGMENT DEBTOR

☒ STATE YOUR NAME, ADDRESS, AND TELEPHONE NO.

☒ Are you presently employed?     ☐ NO     ☐ YES *(If yes, complete the information below)*

NAME, ADDRESS, AND TELEPHONE NO. OF YOUR EMPLOYER

YOUR JOB TITLE OR POSITION

NAME, ADDRESS OF EACH BOOKKEEPER, PAYROLL CLERK OR OTHER PERSON HAVING RECORDS OF SALARIES OR OTHER SUMS OF MONEY PAID TO YOU BY YOUR PRESENT EMPLOYER

IF YOU RECEIVE ADDITIONAL COMPENSATION FOR OVERTIME, STATE (1) RATE OF OVERTIME PAY AND (2) THE AVERAGE NO. OF HOURS OF OVERTIME YOU WORK PER WEEK

STATE THE DATE ON WHICH YOU ARE PAID FOR BOTH REGULAR AND OVERTIME WORK

☒ Are you receiving any income from any source not disclosed in your answers to the foregoing questions?   ☐ NO     ☐ YES *(If yes, complete the information below)*

| STATE THE SOURCE(S) OF SUCH INCOME | AMOUNT RECEIVED EACH WEEK |
|---|---|

IF THERE ARE ANY PAYMENTS DUE FROM THE ABOVE SOURCE STATE (1) THE AMOUNT DUE AND (2) NAME AND ADDRESS OF PARTY FROM WHOM IT IS DUE

☒ List all banks, savings and loan associations, credit unions or other financial institutions in which you maintain an account of any kind, giving in your answer the following: *(You need only disclose assets clearly sufficient to ensure full satisfaction of the judgment with interest and costs.)*

| NAME AND ADDRESS OF INSTITUTION | NAME AND ADDRESS OF INSTITUTION |
|---|---|
| NAME IN WHICH ACCOUNT IS HELD | NAME IN WHICH ACCOUNT IS HELD |
| ACCOUNT NO.     PRESENT BALANCE ($) | ACCOUNT NO.     PRESENT BALANCE ($) |
| IF JOINT ACCOUNT GIVE NAME AND ADDRESS OF OTHER PERSON(S) | IF JOINT ACCOUNT GIVE NAME AND ADDRESS OF OTHER PERSON(S) |

☒ List all nonexempt personal property in which you have an interest, whether legal or beneficial, which in total value is clearly sufficient to ensure full satisfaction of the judgment with interest and costs, including but not limited to (a) cash on hand, (b) household goods and supplies and furnishings, (c) stamp and/or coin collections and other collections, (d) wearing apparel, (e) jewelry, (f) watches, (g) automobiles, (h) trucks, (i) trailers or other motor vehicles, (j) boats, motors and accessories. As to each such item of property give the precise description and location, the approximate value of such property and whether or not such property is subject to any form of security interest, lien or encumbrance. If so, state the name and address of such holder of a security interest, lien or encumbrance, the nature of the instrument evidencing the same and the amount of the instrument. *(If additional space is necessary, attach a separate sheet to this form.)*

☒ State whether any of your nonexempt personal property is in the hands of a third person. If so, describe the property involved, the person or persons so holding the property, the reason the property is so held and any consideration that may have passed therefor.

☒ List all real estate in your name which in total value is clearly sufficient to ensure full satisfaction of the judgment with interest and costs *(where possible give street address).*

☒ List your accounts receivable which in total value are clearly sufficient to ensure full satisfaction of the judgment with interest and costs giving a) the name of the party, b) the amount owed, and c) the date the debt was incurred. *(If additional space is needed, attach a separate sheet to this form.)*

## II. EMPLOYER

☐ Is the Judgment Debtor employed by you?    ☐ NO    ☐ YES *(If yes, complete the information below)*

| YOUR NAME, ADDRESS, AND TELEPHONE NO. | |
|---|---|
| EMPLOYEE'S NORMAL WORKING HOURS | EMPLOYEE'S GROSS SALARY PER HOUR, WEEK, MONTH, OR YEAR |
| THE DATES ON WHICH EMPLOYEE IS PAID FOR BOTH REGULAR AND OVERTIME WORK | |
| NAME, ADDRESS, AND TELEPHONE NO. OF THE BOOKKEEPER, PAYROLL CLERK OR OTHER PERSON WHO DISBURSES EMPLOYEE'S WAGES OR SALARY | |

## III. FINANCIAL INSTITUTION

☐ Does the Judgment Debtor maintain an account of any kind with your institution?    ☐ NO    ☐ YES

*(If yes, complete the information below. You may disclose only whether you hold funds of the judgment debtor on account and the balance of such funds if so held, up to the amount necessary to satisfy the judgment.)*

| YOUR NAME, ADDRESS, AND TELEPHONE NO. | |
|---|---|
| NAME, ADDRESS, AND TELEPHONE NO. OF YOUR INSTITUTION | |
| ACCOUNT NO. OF EACH ACCOUNT | NAME IN WHICH THE ACCOUNT IS HELD |
| PRESENT BALANCE IN EACH ACCOUNT | |
| IF JOINT ACCOUNT, THE NAME AND ADDRESS OF THE OTHER PERSON(S) | |

## IV. THIRD PERSON IN POSSESSION OF JUDGMENT DEBTOR'S PROPERTY

☐ Are you in possession of nonexempt personal property belonging to the judgment debtor?    ☐ NO    ☐ YES
*(If yes, complete the following information.)*

| YOUR NAME, ADDRESS, AND TELEPHONE NO. |
|---|
| DESCRIBE THE PROPERTY, THE REASON YOU ARE HOLDING IT AND ANY CONSIDERATION THAT MAY HAVE PASSED FOR YOUR HOLDING THE PROPERTY. |
| LOCATION OF THE PROPERTY |

## V. SIGNATURE OF PERSON COMPLETING THIS FORM OR AUTHORIZED AGENT

☒ NOTE: Interrogatories served on a judgment debtor shall be signed by such debtor under penalty of false statement.

| SIGNED *(Person completing form or authorized agent)* | PRINT NAME OF PERSN SIGNING AT LEFT | DATE SIGNED |
|---|---|---|

JD-CV-23a (Page 2 of 2) Rev. 6-2000

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Received by (Please Print Clearly) | B. Date of Delivery |
| | C. Signature<br>X *[signature]* | ☐ Agent<br>☐ Addressee |
| 1. Article Addressed to:<br><br>Caryn Trotta<br>15263 SW 47th Terrace<br>Ocala, FL 34473 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee)  ☐ Yes | |
| 2. Article Number (Copy from service label)<br>7000 1530 0001 5149 0639 | | |

PS Form 3811, July 1999    Domestic Return Receipt    102595-00-M-0952